**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                  NO. 4:07CR00185 JLH

PAUL MITCHELL LILLY                                                   DEFENDANT

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Paul Mitchell Lilly entered a plea of guilty to a charge of threatening to assault a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B). He was arrested after making the threat and was detained through the date of his sentencing, which was January 7, 2008, and on that date he was sentenced to time served. The government filed motions to revoke Lilly's supervised release in July, August, and November 2008. On December 5, 2008, the Court conducted a hearing on the government's motions. At that hearing, the Court revoked Lilly's supervised release and sentenced him to a term of 18 months imprisonment with one year of supervised release to follow. Lilly then filed a notice of appeal. On appeal, the government filed a motion for remand in which it asked the Eighth Circuit to remand the case to this Court so that the Court could make more specific findings regarding the basis for Lilly's sentence. Lilly did not oppose the motion for remand, and on March 13, 2009, the Eighth Circuit granted the motion.

The evidence established that Lilly had threatened Jennifer Waymack, a deputy prosecutor for Pulaski County, Arkansas. Lilly had called Ms. Waymack, and when she did not return his call, he called again and told a law clerk that if Ms. Waymack did not call him back, he would have to introduce her to "Master FOTL." When the law clerk asked him what he meant by that, he described Master as meaning "Master Lock" and FOTL as "Fruit of the Loom." When he was asked again to

elaborate, he said, "lock in a sock." It is apparent that Lilly was threatening to hit Ms. Waymack with a padlock in a sock.

By threatening Ms. Waymack in this way, Lilly committed terroristic threatening in violation of Ark. Code Ann. § 5-13-301. That statute provides that a person commits the offense of terroristic threatening in the first degree if, with the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person. ARK. CODE ANN. § 5-13-301(a)(1)(A). Terroristic threatening in the first degree is a Class D felony. ARK. CODE ANN. § 5-13-301(a)(2). A person commits the offense of terroristic threatening in the second degree if, with the purpose of terrorizing another person, the person threatens to cause physical injury or property damage to another person. ARK. CODE ANN. § 5-13-301(b)(1). Terroristic threatening in the second degree is a Class A misdemeanor. ARK. CODE ANN. § 5-13-301(b)(2).

"Physical injury" as that term is used in the Arkansas Criminal Code means the impairment of physical condition, the infliction of substantial pain, or the infliction of bruising, swelling, or a visible mark associated with physical trauma. ARK. CODE ANN. § 5-1-102(14). "Serious physical injury" as that term is used in the Arkansas Criminal Code means "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." ARK. CODE ANN. § 5-1-102(21). The Supreme Court of Arkansas has held that three blows to the head with a fist resulting in fractures to the face and the victim's hospitalization for five days was sufficient to support a finding of serious physical injury. *Lum v. State*, 281 Ark. 495, 665 S.W.2d 265 (1984). *See also Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000) (the evidence supported a finding a serious physical injury when the victim was punched and kicked by several persons). These cases confirm

that serious physical injury can result from a beating even without the use of an instrument such as a padlock in a sock. The Court construes Lilly's threat to Ms. Waymack to be a threat to inflict injury similar to the injuries in *Lum* and *Harmon*.

Moreover, Lilly stated during the revocation hearing that he had once broken a man's arm with a padlock in a sock trying to defend himself. That statement confirms the Court's finding that his threat to Ms. Waymack was a threat to inflict serious physical injury.

Because Lilly threatened to inflict serious physical injury, his threat constituted terroristic threatening in the first degree. ARK. CODE ANN. § 5-13-301(a)(1)(A). Terroristic threatening in the first degree is a Class D felony. ARK. CODE ANN. § 5-13-301(a)(2). A Class D felony is punishable in Arkansas by a term of imprisonment of up to six years. ARK. CODE ANN. § 5-4-401(a)(5).

The sentencing guidelines provide that conduct constituting a federal, state, or local offense that is a crime of violence punishable by a term of imprisonment exceeding one year is a Grade A violation. U.S.S.G. § 7B1.1. The term "crime of violence" includes an offense under state law punishable by imprisonment for a term exceeding one year that has as an element the threatened use of physical force against the person of another. U.S.S.G. § 4B1.2(a)(1). Therefore, Lilly's conduct in this instance was a Grade A violation of his conditions of supervised release. Lilly's criminal history category was III. The guidelines provide a term of imprisonment of 18 to 24 months for a Grade A violation and a criminal history category of III. U.S.S.G. § 7B1.4.

Lilly's attorney argued that the conduct should be a Grade C violation, not a Grade A violation. If the conduct were a Grade C violation, with a criminal history category of III, Lilly would be subject to a term of imprisonment under the guidelines of 5 to 11 months. U.S.S.G. § 7B1.4.

Even if the Court were to accept the argument that Lilly's conduct was terroristic threatening in the second degree, which is a Class A misdemeanor and which would result under the guidelines in a Grade C violation and a term of imprisonment of 5 to 11 months, the Court still would sentence Lilly to a term of imprisonment of 18 months. As the Court said on the record in imposing sentence, the determination to sentence Lilly to 18 months was based on the factors in 18 U.S.C. § 3553(a), most importantly the need to protect the public from further crimes of the defendant and the need to provide the defendant with needed medical care. Lilly has been convicted in Pulaski County Circuit Court for Battery Third Degree, and he was convicted in this Court for threatening to assault a federal law enforcement officer. Lilly was detained pending trial after the magistrate judge found by clear and convincing evidence that he was a danger to the community. When Lilly entered a plea of guilty, the Court ordered that he be remanded to the custody of the United States Marshal pending sentencing. When Lilly was sentenced, he was sentenced to time served and required to participate in mental health counseling as a condition of supervised release. During his supervised release, he ingested cocaine and failed to participate as ordered in mental health counseling. For a period of time his whereabouts were unknown. When he was arrested and brought to court for an appearance on the motion to revoke, he admitted that he had used controlled substances, and he was detained until he could have a negative test for drug usage. While he was detained, his lawyer sought to have him evaluated by a psychiatrist. He was eventually released to the custody of his mother and placed in home incarceration with electronic monitoring pending a hearing on a motion to revoke. While in home incarceration with electronic monitoring awaiting a hearing on a motion to revoke his supervised release, Lilly made the threat to Ms. Waymack.

Based on these events, and Lilly's history as described in the presentence report, the Court concluded that a term of imprisonment of 18 months was needed to protect the public from further crimes by Lilly and so that the Bureau of Prisons would have a reasonable opportunity to provide Lilly with the medical care that he needs to be able to control his anger. For these reasons, even if it had been determined that Lilly's sentencing guideline range was 5 to 11 months, the Court nevertheless would have sentenced Lilly to a term of imprisonment of 18 months.

Pursuant to 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment that could have been imposed on Lilly was two years. A term of 18 months was within that statutory limit.

For all of these reasons, the Court determined on December 5, 2009, that Lilly should be sentenced to a term of imprisonment of 18 months followed by supervised release of one year.

IT IS SO ORDERED this 23rd day of March, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE